# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHANGSHAN WU and YAN WANG,

        Plaintiffs,

v.                        Case No. 07-C-101

MICHAEL CHERTOFF,
Secretary of the Department of Homeland Security;
EMILIO T. GONZALEZ,
Director of United States Citizenship
and Immigration Services;
GERARD HEINAUER,
Director of United States Citizenship
and Immigration Services,
Nebraska Service Center; and,
ROBERT S. MUELLER, Director of the Federal Bureau
of Investigation,

        Defendants.

## DECISION AND ORDER

This action for a writ of mandamus and declaratory judgment was commenced by the Plaintiffs Changshan Wu and Yan Wang (collectively the "Plaintiffs") against Defendants Michael Chertoff, the Secretary of the Department of Homeland Security; Emilio T. Gonzalez, the Director of United States Citizenship and Immigration Services ("USCIS"); Gerard Heinauer, the Director of USCIS, Nebraska Service Center; and, Robert S. Mueller, the Director of the Federal Bureau of Investigation (collectively the "Defendants"). The

Plaintiffs claim that the Defendants have delayed the processing of their I-485 Applications to Register Permanent Resident of Adjustment of Status which they filed with the USCIS.

On April 2, 2007, the Defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). The Plaintiffs did not file any response to that motion.

In the exercise of its discretion, the Court issued a Decision and Order on May 4, 2007, allowing the Plaintiffs to file a response to the motion to dismiss on or before May 25, 2007. The Court advised the Plaintiffs that, if they failed to file a brief by that deadline, the Court might dismiss the action with prejudice pursuant to Civil Local Rule 41.3 (E.D. Wis.) for lack of diligence in its prosecution.

Civil Local Rule 41.3 (E.D. Wis.) provides:

> Whenever it appears to the court that the plaintiff is not diligently prosecuting the action, the court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within twenty (20) days.

District courts have inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989). Such authority is based on the Court's inherent power to control its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Kimmel v. Tex. Commerce Bank*, 817 F.2d 39, 41 n.1 (7th Cir. 1987). There

2

is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute. *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993).

Dismissals for want of prosecution should be limited to "extreme situations," *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003); *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998), and district courts are required to evaluate several factors before taking that drastic step, *see Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball*, 2 F.3d at 759-60)). As pertinent here, the Court is to consider: (1) the frequency and magnitude of previous noncompliance with Court deadlines; (2) the effect of past inaction on the Court's calendar and time; (3) the prejudice to the other party, if any; and (4) the probable merit of the dismissed action. *Id.* (citing *Ball*, 2 F.3d at 759-60).

Based on its review of the present record and upon consideration of the applicable law, this Court concludes this action should be dismissed without prejudice. The Plaintiffs' only submissions in this case are the complaint and the forms indicating their consent to proceed before a United States Magistrate Judge. The deadlines for filing a response to the Defendants' motion to dismiss passed without any action on the part of the Plaintiffs. The Plaintiffs, who are representing themselves in this action, are directly responsible for the failure to comply with the deadlines. The effect of the Plaintiffs' inaction upon judicial resources has been negligible. It does not appear that the Defendants have been prejudiced by the Plaintiffs' dilatory conduct. However, the Plaintiffs' inaction suggests that

3

they have decided not to pursue this lawsuit. Consequently the Plaintiffs' action is dismissed without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

This action is dismissed without prejudice for failure to prosecute pursuant to Civil Local Rule 41.3 (E.D. Wis.).

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of May, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**